■ ELIZABETH ANN AGOSTINI-KNOPS, Appellant, v ROBERT KNOPS, Defendant. JORDAN GLASS, Nonparty Respondent. [783 NYS2d 328]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered April 2, 2003, which, in an action for divorce, insofar as appealed from as limited by the briefs, denied plaintiff's motion for reimbursement of the fee paid to her former attorney, nonparty respondent on this appeal, by her former husband, defendant in this action, and for sanctions against respondent, unanimously affirmed, with costs.

It appears that respondent, who was engaged by plaintiff, mediated a separation agreement between the parties, which stipulated that a legal fee of $21,000 owed by plaintiff to respondent was to be paid by defendant. Plaintiff now seeks to have respondent disgorge that fee on the ground that it was excessive and that he failed to provide her with a statement of client's rights and responsibilities or a written retainer agreement, in violation of 22 NYCRR part 1400. The motion court, while finding that respondent did not substantially comply with part 1400, properly refused to direct respondent's disgorgement of the fee since it was paid by defendant, not plaintiff, and defendant was not seeking its return. We reject plaintiff's argument that the fee was paid from marital assets, and that she would therefore have received more money under the separation agreement had the fee not been part of the bargained-for exchange, where the separation agreement provided that the parties were each retaining 100% of their respective bank accounts and investment accounts and that any joint accounts

had already been divided between them. Nor does plaintiff allege frivolous conduct warranting imposition of sanctions pursuant to 22 NYCRR part 130.

We have considered plaintiff's other claims and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Saxe, Ellerin and Gonzalez, JJ. [*See* 2003 NY Slip Op 50649(U).]